**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ERROL SWABY,
Plaintiff,

v.

Central Intelligence Agency,
Defendant.

Case: 1:26–cv–00265
Assigned To : Unassigned
Assign. Date : 1/28/2026
Description: FOIA/Privacy Act (I–DECK)

Civil Action No. ___________

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
**(Freedom of Information Act, 5 U.S.C. § 552)**

## I. JURISDICTION AND VENUE

This action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) because the defendant agency is headquartered in this district and because FOIA cases against intelligence agencies are routinely adjudicated here.

## II. PARTIES

Plaintiff Errol Swaby is a citizen of the United States residing in Bakersfield, California. Plaintiff submitted a FOIA and Privacy Act request to the Central Intelligence Agency seeking records concerning himself. Defendant Central Intelligence Agency ("CIA") is an agency of the United States Government subject to FOIA, with its principal place of business in Washington, D.C.

## III. FACTUAL BACKGROUND

### A. The FOIA / Privacy Act Request

On or about May 15, 2025, Plaintiff submitted a written request to the CIA pursuant to FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a, seeking records concerning himself. Plaintiff requested records sufficient to identify any CIA records referencing, describing, or associating Plaintiff with the Agency. Plaintiff complied with all applicable agency regulations governing FOIA and Privacy Act requests.

### B. The CIA's Initial Determination

By letter dated June 3, 2025, the CIA issued what it characterized as a "final response" to Plaintiff's request. In that response, the CIA stated that it located no responsive records

RECEIVED
JAN 28 2026
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

showing a publicly acknowledged affiliation with the Agency. The CIA further issued a Glomar response, stating that it could “neither confirm nor deny” the existence of records reflecting a classified association between Plaintiff and the CIA. The CIA cited FOIA Exemptions (b)(1) and (b)(3), as well as Privacy Act exemptions (j)(1) and (k)(1), and relied on the CIA Act of 1949 and the National Security Act of 1947. The CIA advised Plaintiff of his right to appeal this determination within 90 days.

**C. Plaintiff’s Administrative Appeal**

Plaintiff timely submitted an administrative appeal of the CIA’s determination on or about July 12, 2025. Plaintiff challenged the adequacy of the CIA’s search, the invocation of Glomar, and the agency’s reliance on FOIA exemptions. By letter dated July 23, 2025, the CIA acknowledged receipt of Plaintiff’s appeal, stating that it had been received on July 17, 2025 and forwarded to the Agency Release Panel. The CIA’s acknowledgment letter did not issue a final determination on the appeal, invoke any statutory extension for “unusual circumstances,” or provide a date by which a determination would be issued.

**D. Constructive Exhaustion**

Under 5 U.S.C. § 552(a)(6)(A)(ii), an agency must make a determination on a FOIA appeal within 20 working days. More than 20 working days have elapsed since July 17, 2025. The CIA has failed to issue a final determination on Plaintiff’s administrative appeal and has failed to invoke any lawful extension of time. Plaintiff has therefore constructively exhausted his administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

**IV. CLAIM FOR RELIEF**

The CIA has unlawfully withheld agency records by failing to make a timely determination on Plaintiff’s administrative appeal, failing to justify its continued withholding under FOIA, and failing to segregate and release any non-exempt portions of responsive records. The CIA’s failure to act violates 5 U.S.C. § 552(a)(6), and its continued withholding of records without a final appeal determination violates 5 U.S.C. § 552(a)(3). Plaintiff is entitled to judicial review of the CIA’s Glomar response and exemption claims.

**V. RELIEF REQUESTED**

Plaintiff respectfully requests that this Court: A. Declare that the CIA has violated FOIA; B. Order the CIA to conduct an adequate search for records responsive to Plaintiff’s request; C. Order the CIA to issue a final determination on Plaintiff’s administrative appeal; D. Order the CIA to release all non-exempt records responsive to Plaintiff’s request; E. Require the CIA to justify any withholdings with sufficient detail, including by means of a Vaughn index if appropriate; F. Retain jurisdiction over this action to ensure compliance; G. Award Plaintiff reasonable litigation costs and any other relief the Court deems proper.

**VI. JURY DEMAND**

Plaintiff does not request a jury trial, as this action is brought under FOIA.

Respectfully submitted,

Errol Swaby
Plaintiff, pro se
2900 M St.
Bakersfield, CA 93301
Email: errol1swaby2@gmail.com
Telephone: 661-374-3326

Date: 1/24/26
Signature: ______________________